## PRIEST *v.* UNION CANAL CO.

The admission of improper testimony is no ground for disturbing a verdict, where it is evident by the verdict itself that no injury was done thereby to the party objecting to its admission.

A Court may, in its discretion, allow a plaintiff, after defendants have closed their case, and before the case is submitted, to supply an omission in the testimony occasioned by mistake or inadvertance, nor is such action any ground for reversal, unless it appear that injustice has been done by an abuse of discretion.

A general allegation in a complaint for the diversion of water, that plaintiffs were entitled to all the water flowing into the canon at the head of their ditch, entitles them to prove a diversion of water from the smaller branches of the canon supplying water to that point.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

This was an action brought by one ditch company against another, to determine the right to the use of water and for damages, and to obtain a perpetual injunction.

The complaint alleges that the plaintiffs have been, since December, 1853, the owners of a ditch known as "Priest & Co.'s Ditch," leading from a point on the north bank of a stream known as North Shirt Tail Canon ; that said ditch not being of sufficient capacity, they took occasion to enlarge it, in December, 1853, and completed the enlargement in September, 1854, to a capacity of 1584 inches of water; that their ditch was the first constructed leading from said stream, and that they are entitled, as first appropriators, to its waters to the extent of the capacity of their ditch ; that the defendants, subsequently to the enlargment of plaintiffs' ditch, constructed a ditch leading from a point about two miles above the head of plaintiffs' ditch, thereby diverting the waters naturally flowing through said stream, and diminishing the amount of water to which plaintiffs were entitled.

The answer avers, that defendants' ditch was located, surveyed, and commenced in April, 1854, and before the enlargement of plaintiffs' ditch, which, before its enlargement, they aver had a capacity of only 200 inches of water; and they deny that plaintiffs are entitled to any more, and deny that defendants' ditch has diverted the water so as to cause a diminution of that quantity.

After the defendants had rested their case, the Court allowed the plaintiffs to call a witness to prove that after the defendants had completed their ditch and the plaintiffs had completed their enlargement, the defendants constructed a ditch to the head of their first ditch from a point on the south branch of said stream above plaintiff's ditch, and above the junction, by means of which they emptied the waters of the south branch into the north branch above defendants' original dam, and from that point carried the waters through their old ditch to the diggings below. The defendants objected to the introduction of this

Priest *v.* Union Canal Co.

testimony, on the ground that it was not offered by way of rebuttal, and that it was not admissible under the pleadings.

The jury found a verdict that the plaintiffs were entitled to 250 inches of water, from the north branch of the north fork of the canon, and to all the water of the south branch.

Judgment accordingly.   Defendants appealed.

*Dibble and Myers* for Appellants.

*Hale and Hillyer* for Respondents.

The opinion of the Court was delivered by Mr. Justice TERRY.   Mr. Chief Justice MURRAY concurred.

This was an action to determine the right to the use of water, plaintiffs claiming by virtue of prior appropriation.   The case was tried below by a jury, and judgment rendered in favor of plaintiffs.

Exceptions were taken on the trial to the admission of testimony, to show that plaintiffs had, before the construction of defendants' canal, bargained for lumber, and posted notices of their intention to enlarge their ditch, so as to appropriate all the waters flowing in the stream at its head.   Whether this testimony was admissible or not, it is not necessary for the purposes of this case to inquire, for the reason that the verdict of the jury clearly shows, that defendants were not prejudiced by it, and where it is evident that no injury has been done, the admission of improper testimony is no ground for disturbing a verdict.

It is also contended, that the Court erred in allowing plaintiffs, after defendants had closed their evidence, to introduce a witness for the purpose of showing that defendants had, subsequent to the completion of plaintiffs' ditch, extended their canal so as to carry off the water of the south branch of the canon, which had been before appropriated by plaintiffs; first, because it was new evidence, not rebutting, and upon a point not before testified to; and second, because there was no allegation in the complaint as to said connecting canal.

It is well established that a Court may, in the exercise of a sound discretion, permit a party at any time before the case is submitted, to supply an omission in the testimony occasioned by mistake or inadvertance, and unless it appears that injustice has been done by the abuse of this discretion, the admission of such testimony is no ground for reversal.

As to the second objection, the complaint alleges that plaintiffs are entitled, by virtue of prior appropriation, to all the water flowing in the canon at the head of the ditch, and that defendants diverted the water to their damage.

This allegation was sufficient for the information of defendants, and it was not necessary to state whether the water was supplied at that point by one or more smaller streams.

From a careful investigation, we conclude that there is no error sufficient to disturb the judgment; it is therefore affirmed with costs.